

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| APOLLO MEDFLIGHT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:18-CV-166-Z-BR |
| | § | |
| BLUECROSS BLUESHIELD OF TEXAS, | § | |
| a Division of Health Care Service | § | |
| Corporation, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On April 12, 2019, the United States Magistrate Judge entered findings and conclusions on Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint. (ECF 15). The Magistrate Judge RECOMMENDS that Defendant's motion (ECF 15) be GRANTED in part and DENIED in part. Defendant filed objections to the findings, conclusions, and recommendation on April 26, 2019 (ECF 31), to which Plaintiff responded on May 10, 2019 (ECF 34). Defendant filed a reply in support of its objections on May 24, 2019.

After making an independent review of the pleadings, files, and records in this case, the findings, conclusions, and recommendation of the Magistrate Judge, Defendant's objections, Plaintiff's response, and Defendant's reply, the Court concludes that the findings and conclusions are correct in part. It is therefore ORDERED that the findings, conclusions, and recommendation of the Magistrate Judge are ADOPTED in part and that Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF 15) is GRANTED in its entirety. The Court provides the reasons for its order in the following analysis.

ANALYSIS

In its objections from April 26, 2019 (ECF 31), Defendant argues for the dismissal of Plaintiff's Count I claims. Those claims allege, among other things, violations of Texas Insurance Code ("TIC") §§ 1271.155, 1301.0053, and 1301.155, known collectively as the "Emergency Care Statutes," for failing to pay for emergency care provided by out-of-network providers at the usual and customary rate. Defendant argues that the Emergency Care Statutes do not create a private right of action by which Plaintiff can sue Defendant.

Under Texas law, a statute creates a private cause of action "only when a legislative intent to do so appears in the statute as written." *Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004). This intent must be "clearly expressed from the [statutory] language as written." *Witkowski v. Brian, Fooshee & Yonge Props.*, 181 S.W.3d 824, 831 (Tex. App. 2005, no pet.). "If the statute does not itself so provide, a private cause of action will not be created through judicial mandate." *Stokes v. Sw. Airlines*, 887 F.3d 199, 201 (5th Cir. 2018) (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856 (2017)).

Here, the Emergency Care Statutes do not appear to clearly express an intent to create a private right of action. This alone would be sufficient in determining that they do not create a private right of action. Plaintiff, however, offers several arguments against this inference in its filings. The Court now examines these arguments in light of Defendant's responses to them and the applicable law.

First, both parties discuss this Court's finding in *Atlantic Casualty* that Chapter 981 of the TIC does not create a private right of action. *See Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, No. 3:15-CV-1475-D, 2016 WL 1322235, at *4–5 *N.D. Tex. Apr. 5, 2016). But nothing in *Atlantic Casualty* affects the Court's analysis here. In that case, the Court noted the same legal

standards stated above for the creation of a private right of action and found that "nothing in the language of Chapter 981 reflects any intent to create a private right of action." *Id.* at \*4. To be sure, it provided additional reasons for this conclusion, such as the fact that Chapter 981 also provides that violations of it may be punished under Chapter 82 and the fact that Chapter 981 specifically omits language from Chapter 541 that *does* create a private right of action. *Id.* at \*4–5. But these reasons are merely *supplementary*. That is to say, the Court's finding in *Atlantic Casualty* neither requires nor rests upon them. The simple fact that the language of Chapter 981 does not clearly express a legislative intent to create a private right of action was enough for the Court to find that it did not create any such right.

Second, both parties discuss three other cases involving the Emergency Care Statutes. But none of these cases are applicable to the Court's analysis here. In *Gilmour*, the first of these cases, the court found that the defendant "ha[d] failed to demonstrate that as a matter of law that there is no private right of action available under Section 1271.155(a) of the Texas Insurance Code." *Gilmour for Grant Trusts of Victory Parent Co., LLC v. Aetna Health, Inc.*, No.. SA-17-CV-510-FB, 2018 WL 1887296, at \*14 (W.D. Tex. Apr. 25, 2018). However, the court's finding is only a statement about what the defendant, who "cite[d] no authority for its position," was able to demonstrate "based on the current briefing." *Id.* It is not a statement or restatement of the law more generally. Moreover, it is silent about situations where, as in the instant case, authorities have been cited to show that the Emergency Care Statutes do not create a private right of action. *Gilmour* therefore is readily distinguishable from the instant case.

In the remaining two cases, the courts held that the plaintiffs' claims under TIC § 1271.155 survived summary judgment. But this is irrelevant as to whether the statute creates a private right of action. The Supreme Court has held that "[w]hether a cause of action exists is not a question of

jurisdiction, and may be assumed without being decided." *Air Courier Conference v. Am. Postal Workers Union AFL-CIO*, 498 U.S. 517, 523 n.3 (citing *Burks v. Lasker*, 441 U.S. 471, 476 n.5 (1979)). Thus, as this Court noted in *Atlantic Casualty*, the mere fact that a court allowed a plaintiff's claims to survive summary judgment does not show that it found a private right of action. *See Atlantic Casualty*, 2016 WL 1322235, at *4 (declining to consider a decision cited by the plaintiff that dismissed a Chapter 981 based on the merits because it "did not explicitly consider whether the plaintiff had a private right of action under Chapter 981 before rejecting the claim on the merits" and denying that "the court [was] obligated to do so").

Third, both parties discuss whether the Emergency Care Statutes can be analogized to TIC §§ 843.342 and 1301.137, known collectively as the "Texas Prompt Payment Statutes." Plaintiff contends that even though the Texas Prompt Payment Statutes does not expressly create a private right of action, courts have nevertheless found that it creates a private right of action anyway. *See, e.g., Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 532 (5th Cir. 2009) (stating that the Texas Prompt Payment Statutes "allow[] a physician or provider to collect the contracted rate plus penalties for "payable" claims that are not paid within a statutorily specified amount of time"); *Christus Health Gulf Coast v. Aetna, Inc.*, 397 S.W.3d 651, 652, 654 (Tex. 2013) (explaining that a provider may sue an HMO under the Texas Prompt Payment Statutes if the parties are in contractual privity). But Plaintiff's argument misstates the relevant legal standard for determining if a statute creates a private right of action. The standard is not whether it expressly does so, but rather whether the statute clearly expresses a legislative intent to do so. A statute can clearly express a legislative intent to create a private right of action without expressly using the phrase "private right of action," and this is precisely what occurs in the Texas Prompt Payment Statutes. Contracted litigants under TIC §§ 843.342 and 1301.137 are explicitly provided with

attorney's fees. *See* TIC §§ 843.343 and 1301.108 (stating that physicians or providers "may recover reasonable attorney's fees and court costs in an action to recover payment under this subchapter"). This language clearly expresses the legislature's intent to create a private right of action, thereby differentiating it from the Emergency Care Statutes. *See Atlantic Casualty*, 2016 WL 1322235, at *5 (quoting *Brown*, 156 S.W.3d at 568) ("Additionally, when the Legislature includes a right or remedy in one part of a code and omits it in another, that may be precisely what the Legislature intended.").

Hence, the Court FINDS that the Emergency Care Statutes do not create a private right of action on the ground that they do not clearly express a legislative intent to create such a right. The Court therefore agrees with Defendant that Plaintiff Count I claim pertaining to the Emergency Care Statutes should be dismissed.

In the same objections (ECF 31), Defendant argues for the dismissal of Plaintiff's Count II claim. This claim alleges the violation of TIC § 541.060 for engaging in unfair settlement practices. Defendant argues that Plaintiff does not have standing under § 541.060 which it can sue Defendant.

TIC § 541.060 prohibits the failure to attempt in good faith to effectuate settlement where "the insurer's liability has become reasonably clear," "with respect to a claim by an insured or beneficiary." *See* TIC § 541.060(a)(2)(A), (a). If the insurer's liability can be established, "[a] person who sustains actual damages" has a private right of action against violators of § 541.060. *See* TIC § 541.151(1).

Here, Plaintiff alleges that Defendant is liable under § 541.060(a)(2)(A) for violations of §§ 1271.155, 1301.0053, and 1301.155. But, for the reasons stated above, Plaintiff has no cause of action against Defendant under §§ 1271.155, 1301.0053, and 1301.155. Thus, Defendant cannot be liable to it under § 541.060(a)(2)(A). Since Defendant lacks liability to Plaintiff, the Court

FINDS that Plaintiff lacks standing to pursue its § 541.060 claim. Thus, the Court agrees with Defendant that Plaintiff's Count II claim should be dismissed.

Accordingly, this Court ADOPTS in part the findings, conclusions, and recommendation of the Magistrate Judge, and it ORDERS that Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint be GRANTED in its entirety.

**SO ORDERED.**

SIGNED *Oct. 4*, 2019.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE